Thomas Foulkes, Defendant in Error, v. Francis M. Steward, Plaintiff in Error.

Gen. No. 17,367.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed October 13, 1913.

## Statement of the Case.

Action of *assumpsit* by Thomas Foulkes against Francis M. Steward. From a judgment of two thousand two hundred and forty-seven dollars for plaintiff, defendant brings error.

EDWARD L. HARPHAM and C. W. GREENFIELD, for plaintiff in error.

J. MARION MILLER and CHARLES R. WHITMAN, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. FRAUD, § 111*—*what evidence is sufficient to show fraud of a physician.* In an action by a patient against a physician for various sums of money which the patient claimed had been obtained from him by fraud, he being induced to believe that his eyes were diseased, *held* that the evidence of plaintiff was so self-contradictory and so opposed to the testimony of other witnesses that the judgment in his favor should be reversed.

2. NEW TRIAL, § 52*—*when new trial will be granted.* Evidence *held* not to sustain a claim for one hundred and fifty dollars which a patient alleged had been stolen from him by a physician at a Turkish bath house, wherefore a new trial should be granted.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

3. NEW TRIAL, § 52*—*when new trial will be granted.* Held that a finding that five hundred dollars was paid by a patient to an agent of defendant physician was against the clear preponderance of evidence, wherefore a new trial should have been granted.

4. WITNESSES, § 256*—*what matters affect credibility.* An instruction as to the credibility of witnesses *held* to omit the important element of the number of witnesses, the consistency of their testimony, its conformity with experience and its coincidence with collateral circumstances.